[Civ. No. 560.   First Appellate District.—February 10, 1909.]

SOLOMON   BAUMGARTEN,   Appellant,   v.   DAVID
MITCHELL et al., Defendants.   J. F. BAUMGAR-
TEN, Appellant, and HENRY DECKER, Respondent.

FORECLOSURE OF MORTGAGE—PARTIES—TITLE TO HALF INTEREST DEEDED
BY MORTGAGOR AS SECURITY—FAILURE TO ASSERT TRUST LIEN—ES-
TOPPEL.—In an action to foreclose a mortgage, where a son of the
mortgagor to whom he had deeded a half interest subsequent to the
mortgage as security for a loan was made a party defendant, and
failed to assert his trust lien, but made default, he is estopped to
assert such lien as against the purchaser under the foreclosure sale
and his successor in interest.

ID.—LOSS OF TITLE OF MORTGAGOR.—The mortgagor, having been made
a party to the foreclosure suit and made default, his title is bound
by the decree, and passed to the purchaser under the foreclosure
sale, and his successor.

ID.—UNTENABLE ACTION BY MORTGAGEE TO QUIET TITLE—ADVERSE POS-
SESSION—MORTGAGE OUTSTANDING.—An action by the mortgagor in
possession to quiet his title to the whole of a lot by adverse pos-
session, his undivided interest in which, as a cotenant, was mort-
gaged, is not tenable as against the mortgagee and the purchaser
under the foreclosure sale, when it appears that during the greater
part of the period of five years' possession claimed by him the mort-
gage was outstanding, notwithstanding five years elapsed before
the mortgage was finally foreclosed.

ID.—ADVERSE POSSESSION OF MORTGAGOR AGAINST COTENANTS—NOTICE
ESSENTIAL.—The possession of one tenant in common is deemed the
possession of his cotenants, until they are notified of his claim to
adverse possession; and when the mortgagor, as a tenant in com-
mon with other owners, failed to notify them of his claim to ad-
verse possession, he cannot quiet his title by adverse possession
against them or their vendee.

ID.—CROSS-COMPLAINT BY SOLE OWNER TO QUIET TITLE—DECREE TENA-
BLE.—In the suit to quiet the title of the mortgagor to the whole
property by adverse possession, against all other claimants, the suc-
cessor in interest of the mortgagor and of his son by title under
the foreclosure sale, and of all other cotenants by conveyances, who
is made defendant, may by answers and cross-complaint quiet his
title both as against the mortgagor, and as against his son, who
claims title under the mortgagor by answer and cross-complaint, and
a decree quieting the title of the sole owner is tenable, and will be
sustained.

APPEALS from a judgment of the Superior Court of Alameda County.   William H. Waste, Judge.

The facts are stated in the opinion of the court.

G. W. Langan, for Solomon Baumgarten, Plaintiff, Appellant.

Asa V. Mendenhall, for J. F. Baumgarten, Defendant, Appellant.

Aldrich & Gentry, and B. McFadden, for Respondent.

COOPER, P. J.—This action was brought to quiet plaintiff's alleged title to lot No. 11 in block 30 in the city of Oakland.   The defendant Decker filed a cross-complaint, alleging that he is the owner and seised in fee of the premises described in the complaint, and asking to have his title quieted thereto.   The defendant J. F. Baumgarten filed an answer and cross-complaint, claiming that he is the owner of an undivided one-half of the premises, and praying that his title be quieted to such undivided half.   The other defendants disclaimed any title or interest in the lot, and hence they are out of the controversy.   The case was tried before the court; findings filed, and judgment entered in accordance therewith in favor of respondent Henry Decker, and against the Baumgartens who are appellants.

The court finds that neither the plaintiff nor defendant J. F. Baumgarten is the owner or seised in fee or entitled to the possession of the said premises, but that defendant Decker is the owner in fee and entitled to the possession of the same, and to have his title quieted as against the plaintiff and as against defendant J. F. Baumgarten.   The plaintiff and defendant J. F. Baumgarten, who is a son of plaintiff, have each appealed from the judgment.

As to appellant, J. F. Baumgarten, in his brief he states as follows: "The evidence is insufficient to justify the findings and decision of the court in the following particulars: 1st, the evidence is insufficient to justify the finding of the court that defendant J. F. Baumgarten has no interest, right or title or estate whatsoever in or to said property; 2nd, the evidence is insufficient to justify the finding and decision

10 Cal. App.—4

of the court that defendant and cross-complainant Henry Decker is now, and ever since the 24th day of December, 1905, and prior to the commencement of this action, has been the owner in fee and entitled to the possession of all said property, with the tenements, hereditaments and appurtenances thereunto belonging, and the rents, issues and profits thereof.'' After the above, and other specifications of like import, the brief contains a copy of the complaint, a copy of the answer and of the cross-complaint of defendant J. F. Baumgarten, a copy of the findings, conclusions of law and decree, a copy of a deed from plaintiff to defendant J. F. Baumgarten dated August 15, 1895, a copy of the notice of appeal, and nothing more. No argument is made in the brief as to why the evidence is insufficient, and no summary of the evidence is given.

It is stated that the deed from the plaintiff to said J. F. Baumgarten conveyed the title to the property to said J. F. Baumgarten; but the evidence is not pointed out to show that the finding of the court that said J. F. Baumgarten has ''no interest, right or estate'' in said lot is not supported by the evidence. However, an examination of the evidence shows that in February, 1896, the plaintiff mortgaged the said lot to one Huttrell, which mortgage described the said lot as described in the complaint. This mortgage was foreclosed by the assignee of Huttrell, and in the foreclosure proceedings J. F. Baumgarten was made a party defendant. A decree was entered and the property sold to one Thorne. The title of Thorne thereafter passed by regular conveyances to defendant Decker. No suggestion is made that this foreclosure proceeding was not regular in all respects, nor is any claim made as to any irregularity in the deeds to Decker. The said J. F. Baumgarten only claimed, and now only claims, title to an undivided one-half of said property through the conveyance by plaintiff to him. We find, however, that by a judgment duly given and made by the superior court of Alameda county, in an action brought by the present plaintiff against the present defendant J. F. Baumgarten, it was adjudged and decreed that the said J. F. Baumgarten held the legal title to said undivided one-half in trust for plaintiff, and that upon the payment by plaintiff to said J. F. Baumgarten of the sum of $127.50, said J. F. Baumgarten execute and deliver a deed to plaintiff for said undivided one-half of

said premises. This decree was made and entered in February, 1898, long after the mortgage to Huttrell. If the claim of said J. F. Baumgarten be conceded, that, by the terms of said decree, he was entitled to a lien on the premises so held by him in trust, the lien arose long after the mortgage was so made to Huttrell. The decree having established the fact that the legal title to the property was in plaintiff, and that there was due to J. F. Baumgarten the sum of $127.50, it was incumbent upon said J. F. Baumgarten to set up said lien in the foreclosure proceedings, but he did not do so. After being served with process, and filing a demurrer, which was overruled, he made default. The decree was duly entered and he did not appeal from it, and he cannot now be heard to claim that he has a lien, and had a lien at the time of the foreclosure of said mortgage, which he did not in any way assert.

What has been said as to the title passing by foreclosure proceedings to defendant Decker applies equally to plaintiff, as he was the mortgagor, a party defendant, and made default in the foreclosure proceedings.

The principal point relied upon by plaintiff is the claim that he acquired title to the property by adverse possession between May, 1897, and May, 1902. The evidence does not clearly show that during such period the plaintiff paid all the taxes, state, county and municipal, which were levied or assessed upon the said lot, but we need not place our decision upon that ground. The mortgage executed by plaintiff in February, 1896, was outstanding and in existence the greater portion of the time during which it is claimed the statute of limitations was running in favor of plaintiff. The sale under the decree of foreclosure conveyed the title of the plaintiff; and, as he was a party, the purchaser at such sale not only acquired his title, but he also acquired the right to be let into possession of the property at the expiration of the time allowed by law for redemption. To allow a mortgagor in possession of the mortgaged property continuously for five years to set up the statute of limitations against the mortgagee, or the purchaser at a foreclosure sale under a mortgage which was in existence during the time of such claim of adverse possession, would be something new in the law. It would upset and disturb many titles obtained through foreclosure sale, and enable the mortgagor to get the value of his

land from the mortgagee, and then to keep the land because the mortgagee did not foreclose before the end of five years. We apprehend that this is the first time such a claim has been advocated in a court of justice.

Another complete answer to plaintiff's contention as to title by adverse possession is that during the time he claims to have held by adverse possession, he held the title to the property as tenant in common with others, and did not notify such others of any hostile claim. The principle is well settled that the possession of one cotenant is the possession of all, and the mere possession of one cotenant has in it no element of hostility to his cotenant. The cotenant cannot be deprived of his property by the adverse possession of a cotenant unless he is notified of the hostile and adverse claim of such cotenant. In the record we find that in June, 1897, the plaintiff conveyed an undivided one-fourth interest in the property to one Aldrich. This title remained in Aldrich until June 13, 1902, when he conveyed to one Thorne, and the title thereafter passed through conveyances to defendant Decker.

In May, 1897, a conveyance was made, through a decree of court, in an action by Sarah Baumgarten, the wife of plaintiff, against plaintiff, whereby, under said decree and a deed made in pursuance thereof, an undivided one-half of the property passed to Sarah Baumgarten. This title thereafter remained of record in Sarah Baumgarten and her subsequent grantees until it passed by and through deeds or execution sales to defendant Decker. No attempt was made to prove notice of any adverse claim to the successive owners of the undivided one-half interest. The plaintiff will not be allowed to now claim that at the time he made these conveyances he was not the owner of the property which he purported to convey by the deeds which he executed and delivered. He will not be allowed to claim, after the execution of a note secured by mortgage upon the said premises, and the foreclosure of the said mortgage, that because he enjoyed the said premises during all of said time, he may still enjoy them through a claim of adverse possession.

We conclude that the findings are supported by the evidence, and that the judgment of the lower court is correct.

The judgment is affirmed.

Hall, J., and Kerrigan, J., concurred.